The Disciplinary Review Board having filed with the Court its decision DRB 17-228, concluding that as a matter of final discipline pursuant to Rule 1:20-13(c), TY HYDERALLY of MONTCLAIR, who was admitted to the bar of this State in 1994, should be suspended from the practice of law for a period of three months based on respondent's conviction in the Municipal Court of Montclair Township for simple assault, in violation of N.J.S.A. 2C:12-1(a)(1), conduct that violates RPC 8.4(b) (criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as lawyer);
And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to complete anger management counseling;
And good cause appearing;
*171 It is ORDERED that TY HYDERALLY is suspended from the practice of law for a period of three months, effective July 20, 2018, and until the further Order of the Court; and it is further
ORDERED that prior to reinstatement to practice, respondent shall submit to the Office of Attorney Ethics proof of his successful completion of anger management counseling, as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further **597 ORDERED that pursuant to Rule 1:20-20 (c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that respondent's law firm may continue to operate under the name "Hyderally & Associates, P.C." during the period of respondent's suspension from practice, provided the following conditions are met: (1) all firm clients receive notice of respondent's suspension from practice, (2) the firm website contains a notice of respondent's suspension from practice, and (3) respondent receives no financial benefit from the firm for the period of suspension; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.